UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                          Plaintiff,<br><br>v.<br><br>FERMIN G. VERGARA; ROSA VERGARA; BAJA CALIFORNIA CYCLE USA, INC.,<br><br>                          Defendants. | Case No.:  18-cv-2401-L-BGS<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

On January 17, 2020, Plaintiff filed a Motion for Summary Judgment asserting a that Defendants failed to provide van accessible parking at Baja California Cycle, in violation of the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act. Defendants filed an Opposition on February 3, 2020.  Plaintiff filed a Reply brief on February 11, 2020.  The motion is decided on the briefs without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons which follow, the motion is denied.

**I.    BACKGROUND**

Plaintiff is a paraplegic who uses a wheelchair for mobility.  He has a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair. Baja California Cycle (or "BCC") is a business

1  establishment and place of public accommodation in Chula Vista, California.  On
2  October 11, 2018, Plaintiff went to Baja California Cycle to shop, as well as to assess the
3  business' compliance with disability access laws.

4  According to Plaintiff, Baja California Cycle has a parking lot with spaces
5  available for customers. (Motion at 2).  At the time of his visit, Plaintiff observed that one
6  parking stall had a faded blue line next to the space, along with a very faded International
7  Symbol of Accessibility ("ISA") painted on the surface of the stall. *(Id.)* However, the
8  parking space did not have any signage indicating it was "van accessible." More
9  importantly, the adjacent access aisle did not have "NO PARKING" painted on it,
10 therefore Plaintiff did not have any safe way to park because if he parked in the ISA
11 space, someone could park next to him which would trap him out of his vehicle.

12 An investigator for Plaintiff, Zion Sapien, conducted an investigation of Baja
13 California Cycle on October 16, 2018, and found that of the five parking spaces offered
14 for customers, the one marked as reserved for persons with disabilities was faded, had no
15 adjacent access aisle, and the sign in front of the parking space designating it as reserved
16 for persons with disabilities was facing the wrong way.  (*Id*. at 3).  On June 16, 2019,
17 Corey Taylor, a second investigator working on behalf of Plaintiff, conducted a follow-up
18 assessment of BCC. Taylor noted that there were still five customer parking spaces at
19 BCC, but the space designated for persons with disabilities had been moved to the far
20 left.  (*Id*.) The space did not have the required "NO PARKING" lettering in the access
21 aisle, and there was no signage indicating that it was van accessible. Moreover, the
22 parking space and aisle did not comply with the required ADA measurements because
23 they were not large enough and the access aisle had a slope.  (*Id*. 3-4).

24 Plaintiff filed a complaint alleging that Defendant's failure to provide van
25 accessible parking and failure to maintain the usability of accessible parking
26 discriminates against persons with disabilities in violation of the Americans with
27 Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"); (2) the Unruh Civil Rights Act, Cal.
28 Civ. Code § 51 *et seq.* ("Unruh").  Specifically, Plaintiff alleges that Defendants failed to

make reasonable modifications, failed to remove architectural barriers, and failed to make alterations to ensure the facilities were readily accessible and usable by individuals with disabilities under 42 U.S.C. §§ 12182(b)(2)(A)(ii) & (iv) and §121383(a)(2).  Plaintiff seeks injunctive relief to remove the barriers and statutory damages of $4,000 under the Unruh Civil Rights Act. (Mot. at 5-7).  Plaintiff filed this motion for summary judgment seeking an order from this Court requiring Defendants to provide and maintain accessible parking at Baja California Cycle and judgment in favor of Plaintiffs and against Defendants in the amount of $4,000.

Defendant filed an opposition arguing that Plaintiff has remedied the alleged ADA violations since the filing of the complaint and that a proper van accessible parking space now exists on the subject property.  (Opposition at 2).  As a result, Defendant argues that Plaintiff's claim is now moot, or that there is a genuine issue of material fact if Plaintiff alleges that Defendant continues to be in non-compliance. (*Id.*)

## II.   DISCUSSION

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment or adjudication of issues is appropriate if depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c)(1).

The burden on the party moving for summary judgment depends on whether it bears the burden of proof at trial.

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  If the nonmoving party would bear the burden at trial, the moving party can meet the burden on summary judgment by pointing out the absence of evidence with respect to any one element of the opposing party's claim or defense. *See Celotex*, 477 U.S. at 325.

> When the moving party has carried its burden . . ., its opponent must do more than simply show that there is some metaphysical doubt as to the material facts[, but] must come forward with specific facts showing that there is a genuine dispute for trial.  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks, citations and footnote omitted).  The nonmoving party can make its showing by "citing to particular parts of materials in the record . . .; or [¶] showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. Proc. 56(c)(1).

> [W]here the nonmoving party will bear the burden of proof at trial, [it must] go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial" on all matters as to which it has the burden of proof.

*Celotex*, 477 U.S. at 324 (internal quotation marks omitted).

> Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . ..  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

//

//

Plaintiff seeks summary judgment that Defendant violated the ADA, 42 U.S.C. § 12101 et seq, and the Unruh Civil Rights Act ("Unruh") Cal.Civ. Code §§ 51-53. The ADA sets out a general rule:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Plaintiff's theory of the case is that Defendant discriminated against him under 42 U.S.C. § 12182(b)(2)(A)(iv), which defines discrimination as:

> a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable.

Plaintiff further alleges that Defendants discriminated against him under 42 U.S.C. § 12183(a)(2) which states that discrimination includes:

> . . . a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope.

//

//

To prevail on this claim, a plaintiff must establish that:

(1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Karczewski v. DCH Mission Valley LLC,* 862 F.3d 1006, 1010 (9th Cir. 2017) (internal quotation marks and citation omitted).

Plaintiff is a paraplegic who uses a wheelchair for mobility. (Langer Dec. ¶ 2 Ex. 2 [ECF No. 28-3.]) Accordingly, Plaintiff is "disabled" within the meaning of the ADA, 42 U.S.C. § 12102(a)(1)A).

Baja California Cycle is a service establishment that qualifies as a place of public accommodation. 42 U.S.C. § 12181(7)(E). Defendant Baja California Cycle USA, Inc. is currently the owner of the Baja California Cycle. (Baja California Cycle USA, Inc., Resp. to Pl's RFA [ECF No. 28-16.]). Defendants Fermin G. Vergara and Rosa Vergara are the owners of the property on which Baja California Cycle is located. (Fermin G. Vergara Resp. to Pl.'s RFA) [ECF No. 28-11]; Rose Vergara Resp. to Pl's RFA [ECF No. 28-14.]) Therefore, Plaintiff has satisfied the second element because Defendants are private entities that own, lease, or operate a place of public accommodation.

As to the third element, the Court considers whether Defendants employed a discriminatory practice by failing to provide and maintain the van accessible parking space. "Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct…" *Doran v. 7-Eleven*, 524 F.3d 1034, 1042 (9th Cir. 2011).

A court looks to the ADA Accessibility Guidelines ("ADAAG"), which dictate specific compliance requirements, when determining whether an architectural barrier exists. *See Wyatt v. Ralphs Grocery Company*, 65 Fed.Appx. 589, 590 (9th Cir. 2003). A

violation of ADAAG standards "indicate the existence of an architectural barrier." *Id*. These guidelines "lay out the technical structural requirements of places of public accommodation" in order to carry out the purpose and provisions of the ADA, 42 U.S.C. § 12186(b). *Fortyune v. Am. Multi–Cinema, Inc*., 364 F.3d 1075, 1080–81 (9th Cir.2004)." "The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." *Chapman v. Pier 1 Imports (U.S.)* Inc., 631 F.3d 939, 945-46 (9th Cir. 2011).

Under the 2010 ADAAG standards, businesses that provide customer parking must provide a specific number of handicap parking spaces based on the total number of parking spaces available. 28 C.F.R. pt. 25, App. D, §4.1.2(5); 36 C.F.R. pt. 1191, Appendix C § 208. For every six spaces, at least one must be van accessible. 36 C.F.R. Part 1191, Appendix B, §§ 208.2, 208.2.4. Van parking spaces must be at least 132 inches wide minimum, with an adjacent access aisle that is 60 inches wide minimum, unless the space is 96 inches wide and the aisle is also 96 inches wide. 36 C.F.R. Part 1191, §§ 502.2, 502.3, 502.3.2.

The color of marking and length of the parking space are defined by State or local laws or regulations. 36 C.F.R. Part 1191, § 502.3.3. The parking space surface must have a profile view of a wheelchair and occupant that is 36 inches by 36 inches. CBC §1129B.4. The California Building Code states that all accessible parking spaces must be outlined in blue and show an International Symbol of Accessibility which consists of an individual in a wheelchair. CBC § 1129B4; 2010 Standards §§ 4.1.2(7)(a), 4.30.7. Access aisles must be outlined with a blue painted borderline and marked with hatch lines in a contrasting color to the parking lot surface with the words "NO PARKING" at least a foot high painted on the access aisle. CBC §11B-502.3.3. Each parking space must be at least 216 inches long. CBC § 11B-502.2.

In addition, the access aisle must be level to the parking space and not have any slope. 36 C.F.R. Part 1191, Appendix D § 502.4. According to the 2010 Standards and

1  CBC, an accessible parking space must display a sign with the International Symbol of
2  Accessibility, and under the CBC the sign must be in white on a blue background. CBC §
3  1129B.4. The sign must be posted so that it cannot be obscured by a vehicle parked in the
4  space. *Id*. The 2010 Standards also require that van parking spaces must contain a
5  designation that it is "van accessible" and be 60 inches above the floor or ground surface
6  to bottom of the sign.  36 C.F.R., Part 1191, Appendix D §502.6.

7  When Plaintiff visited Baja California Cycle in 2018, the parking lot contained one
8  space with a very worn blue and white International Symbol of Accessibility, and a faded
9  blue line outlining the parking space.  (Decl. Sapien 1-2 [ECF No. 28-5]; Ex 6
10 Photographs [28-6.]) There was no access aisle for Plaintiff to deploy his wheelchair
11 ramp. (*Id.*) No signage was present indicating it was a van accessible parking space. (*Id.*)
12 As a result of these failures to comply with the 2010 Standards and California Building
13 Codes, Defendants engaged in a discriminatory practice by failing to provide and
14 maintain the van accessible parking space for Plaintiff to use for his full and equal
15 enjoyment of the business. *Doran*, 524 F.3d at 1042; *see also Lozano v. C.A. Martinez*
16 *Family Limited Partnership*, 129 F.Supp. 3d 967, 973 (S.D. Cal 2015).

17 The inquiry does not stop here. The Court must further determine whether the
18 Defendants made a reasonable modification that was necessary to accommodate the
19 plaintiff's disability. *Karczewski*, 862 F.3d at 1010.

20 Defendants argue that the alleged ADA violations have now been remedied
21 because a proper van accessible space exists on the subject property, making Plaintiff's
22 claim moot. (Oppo. at 2.)  As proof, Defendants filed photographs of the allegedly
23 compliant parking space. (*Id*. Ex. A).  If Plaintiff's challenge the compliance of the new
24 space, Defendants contend that there is a "triable" issue of fact. (*Id*.)

25 In response, Plaintiff claims that it is impossible to tell from the photos whether the
26 space has been brought into compliance.  Specifically, Plaintiff argues that there is no
27 proof that Defendants made changes to the space since his investigator conducted his
28 follow-up investigation in July 2019, when he found that the parking stall did not comply

1  because it measured only 103 inches wide and the access aisle was only 36 inches wide,
2  with the access aisle having slopes up to 2.6%.  (Plaintiffs Reply at 3).
3       The parties agree that the accessible parking space was moved and modified after
4  the filing of this lawsuit. (Joint Statement of Undisputed Facts at 4 [ECF No. 35.])
5  Plaintiff's investigator, Corey Taylor, visited the site after these modifications and noted
6  that the parking space did not have the "NO PARKING" lettering in the access aisle.
7  (Decl. Taylor ¶ 4; Ex 7, at 1-4 [28-7; 28-8.])  There was also no signage designating the
8  space as van accessible (Decl. Taylor ¶ 5; Ex 7, at 5 [28-7; 28-8.])  Taylor also measured
9  the slope of the stall and adjacent access aisle with a digital level which indicated that the
10 aisle had slopes measuring up to 2.6% and the stall had cross slopes measuring up to
11 3.8%, but as noted above, no slope can exist under the Standards and CBC.  (Decl. Taylor
12 ¶ ; Ex 7, [28-7; 28-8.]) In addition, the stall measured 103 inches wide and the access
13 aisle was 36 inches wide, which does not comply with the requirements.  (*Id*.)
14      Defendants have not provided evidence that the new parking space complies with
15 the 2010 Standards and CBC requirements, but instead only provided the Court with
16 photographs of the new space. Without more specific information as to the measurements
17 of the parking space, the slope, and signage, it is impossible to tell from the photographs
18 whether Defendants' changes constitute a reasonable modification that was necessary to
19 accommodate the plaintiff's disability. *See Karczewski*, 862 F.3d at 1010. However, the
20 photographs are sufficient to raise genuine issues of material fact as to Defendants'
21 compliance with the ADA architectural barrier requirements.  Therefore, the Court
22 cannot summarily adjudicate this cause of action. *See id.* For the same reasons, the Court
23 does not reach Plaintiff's derivative state law claims or his request for injunctive relief.
24 Accordingly, Plaintiff's motion for summary judgment is denied,.
25 //
26 //
27 //
28 //

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated:  November 16, 2020

_____
Hon. M. James Lorenz
United States District Judge